Of Counsel:
DAMON KEY LEONG KUPCHAK HASTERT
Attorneys at Law
A Law Corporation

GREGORY W. KUGLE          6502-0
gwk@hawaiilawyer.com
JOANNA C. ZEIGLER         10426-0
jcz@hawaiilawyer.com
1003 Bishop Street, Suite 1600
Honolulu, HI 96813
www.hawaiilawyer.com
Telephone: (808) 531-8031
Facsimile:  (808) 533-2242

Attorneys for Plaintiff
ASSOCIATION OF APARTMENT OWNERS
DIAMOND HEAD BEACH HOTEL

IN THE UNITED STATES DISTICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF DIAMOND HEAD BEACH HOTEL,<br><br>Plaintiffs,<br>vs.<br><br>CITY AND COUNTY OF HONOLULU; DEPARTMENT OF PLANNING AND PERMITTING OF THE CITY AND COUNTY OF HONOLULU; DAWN TAKEUCHI-APUNA IN HER OFFICIAL CAPACITY AS ACTING DIRECTOR OF THE DEPARTMENT OF PLANNING AND PERMITTING; JOHN DOES 1-10; JANE DOES 1-10; DOE GOVERNMENT ENTITIES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ENTITIES 1-10,<br>Defendants. | CIVIL NO. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff ASSOCIATION OF APARTMENT OWNERS OF THE DIAMOND HEAD BEACH HOTEL ("Plaintiff"), by and through its attorneys, Damon Key Leong Kupchak Hastert, and for causes of action against Defendants CITY AND COUNTY OF HONOLULU; DEPARTMENT OF PLANNING AND PERMITTING OF THE CITY AND COUNTY OF HONOLULU; DAWN TAKEUCHI-APUNA IN HER OFFICIAL CAPACITY AS ACTING DIRECTOR OF THE DEPARTMENT OF PLANNING AND PERMITTING; JOHN DOES 1-10; JANE DOES 1-10; DOE GOVERNMENT ENTITIES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ENTITIES 1-10 (collectively "Defendants"), alleges and avers as follows:

### INTRODUCTION

1. The Diamond Head Beach Hotel located at 2947 Kalakaua Ave. Honolulu, Hawaii 96815 ("DHBH") was zoned for hotel use and was permitted and subsequently constructed as a hotel to offer transient accommodations to hotel guests.

2. Since its construction, the zoning for the property has changed to Apartment, but the hotel use of the property was never discontinued.

3. DHBH is a nonconforming hotel and may lawfully operate as a hotel and offer transient accommodations in its units.

4. Plaintiff respectfully requests that this Court enter declaratory relief in favor of Plaintiff and ordering Defendants to recognize DHBH as a nonconforming

hotel and to enjoin Defendants from issuing Notices of Violation with regard to the lawful hotel use.

## PARTIES

5. Plaintiff is a nonprofit corporation, established to operate and manage the condominium project known as the Diamond Head Beach Hotel ("DHBH") located in Honolulu, Hawaii and existing pursuant to Hawaii Revised Statutes Chapter 514B.

6. Defendant CITY AND COUNTY OF HONOLULU ("City") is a municipal corporation, and is legally responsible for the acts and omission of its departments, officials and boards.

7. Defendant DEPARTMENT OF PLANNING AND PERMITTING ("DPP") is the agency charged with administration and enforcement of, among other things, ordinances and regulations governing development and use of land.

8. Defendant DAWN TAKEUCHI-APUNA is the Acting Director of DPP, and, in performing her duties is and was, at all relevant times, acting under color of law. The Acting Director is being sued only in her official capacity.

9. JOHN DOES 1-10; JANE DOES 1-10; DOE GOVERNMENT ENTITIES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ENTITIES 1-10 (collectively "Doe Defendants") are persons, governments, entities, agents or estates which are in some manner presently unknown to Plaintiff and who are liable for the claims for relief set forth in this Complaint. Plaintiff is

3

presently unaware of the true names and capacities of the Doe Defendants but will amend the Complaint as soon as they are ascertained.

## JURISDICTION AND VENUE

10. This is a civil action under the Constitution of the United States, and therefore this Court has original jurisdiction under 28 U.S.C § 1331 and 42 U.S.C. § 1983.

11. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367.

12. Venue is appropriate in this Court because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, both the Defendants and Plaintiff reside in this judicial district, and the property which is the subject of this action is located in this judicial district.

## THE PROPERTY

13. In 1968, DHBH was permitted by the Department of Land Utilization and it was subsequently constructed as an eighty-room hotel. The Department of Land Utilization is now DPP.

14. At that time, DHBH's property was zoned Hotel/Apartment and hotel was a permitted use. After construction of the hotel, the land underlying DHBH was rezoned A-4 Apartment, and then later A-2 Apartment.

15. Because DHBH was permitted and constructed prior to the change in zoning from Hotel/Apartment to A-4 and A-2 Apartment, it operates as a nonconforming hotel.

16. In 1982, a Declaration of Horizontal Property Regime of Diamond Head Beach Hotel was filed. It provides that the DHBH will provide Residential Apartments as well as Lodging Units that will be used as a hotel room and for no other purposes. Further, "the hotel operator will conduct a hotel operation at the Project which will include the provision of customary hotel services including: maid service, desk service, switchboard operation, reservation service and valet parking[.]"

17. DHBH was constructed with and has maintained a lobby area for hotel guests.

18. DHBH's lobby contains a clerk's desk with 24-hour clerk service available, with a front desk clerk during business hours and security personnel available for after-hour service.

19. DHBH maintains facilities for registration and keeping records relating to hotel guests.

**DEFENDANTS HAVE CONSISTENTLY RECOGNIZED DHBH AS A NONCONFORMING HOTEL**

20. Since construction, DHBH has consistently operated as a hotel and throughout the years, Defendants have communicated their recognition to DHBH that it is a nonconforming hotel.

21. On December 11, 1981, the Department of Land Utilization addressed a request to renovate DHBH and stated that the "existing structure is considered a 'non-conforming use of structure' and a 'non-conforming structure' under the Comprehensive Zoning Code." It further stated, the "Corporation Counsel reviewed the parking requirements and it is their opinion that the property owner has not lost the non-conforming use status and may maintain the hotel in accordance with regulations."

22. In 1983, City approved a "Diamond Head Beach Hotel" sign for the property.

23. In 2000, City issued a Zoning Report for the property as to whether a surf school and wedding consultation company were allowed on the premises. The City concluded, "[t]he hotel is a nonconforming use" and the businesses may be permitted as accessory uses to the hotel under certain conditions. The City also noted that some units at the DHBH were being used as lodging (hotel) and some as dwelling (residential), but to maintain the nonconforming hotel status, fifty percent or more of the units must be maintained as hotel units. A similar conclusion was made in 2001 when two different businesses were operating out of two units within DHBH.

24. Throughout its existence, City has taxed DHBH units at the resort rate because of its hotel use. In 2017, the City's Real Property Assessment Division confirmed that DHBH was zoned Apartment, but grandfathered as Hotel, and allowed

unit owners that utilized their units for residential purposes to opt out of hotel tax rates.

25. In 2019, DPP issued a Zoning Report for the property addressing a complaint received. DPP checked the box indicating that DHBH is an existing nonconforming use. It further concluded that if DHBH was a nonconforming hotel, then temporary vacation units/short term rentals are permitted. Thus, nonconforming use certificates (allowing transient accommodations), variances, or other related approvals for the hotel use are not required.

26. Despite Defendants' recognition throughout the years that DHBH is a nonconforming hotel, in 2019, 2020 and 2021,[1] and in recent months, DPP has issued notices of violation to owners of DHBH units for utilizing their units for transient accommodations.

## COUNT I:  NONCONFORMING USE

27. The foregoing allegations are incorporated by reference herein.

28. Hawaii's Zoning Enabling Act, Haw. Rev. Stat. § 46-4, prohibits the DPP and the Director from enacting or enforcing zoning ordinances that prohibit pre-existing, lawful uses of property.

29. Revised Ordinances of Honolulu define "nonconforming uses" as any use of a structure or a zoning lot which was previously lawful but which does not

---

[1] After the June 25, 2019 passage of Ordinance 19-18 (having to do with transient vacation rentals and not nonconforming hotels).

conform to the applicable use regulations of the district in which it is located[.]" ROH § 10.1. "Any nonconforming use that is discontinued for any reason for 12 consecutive months, or for 18 months during any three-year period, shall not be resumed[.]" ROH § 21-4.110.

30. Hotel is defined as:

> [A] building or group of buildings containing lodging and/or dwelling units offering transient accommodations,[2] and a lobby, clerk's desk or counter with 24-hour clerk service, and facilities for registration and keeping of records relating to hotel guests. A hotel may also include accessory uses and services intended primarily for the convenience and benefit of the hotel's guests, such as restaurants, shops, meeting rooms, and/or recreational and entertainment facilities.

ROH § 21-10.1.

31. DHBH satisfies the elements set forth in the definition of hotel and remains a nonconforming use because it was permitted and constructed while the property was zoned Hotel/Apartment and has not discontinued the hotel use for 12 consecutive months or for 18 months during a three-year period, meaning it has consistently offered transient accommodations.

32. DHBH was constructed with and has maintained a lobby area for hotel guests, it has a clerk's desk and provides guests with 24-hour clerk service, and it maintains facilities for registration and keeping records relating to hotel guests.

---

[2] Transient accommodation "means living accommodations that are offered or made available to transient occupants for less than 90 consecutive days." ROH § 10.1 (as amended in 2022).

33. Plaintiff is entitled to a declaratory judgment in its favor and against Defendants that DHBH is a nonconforming hotel and is therefore permitted to offer transient accommodations on the property.

### COUNT II: VESTED RIGHTS

34. The foregoing allegations are incorporated by reference herein.

35. Based on Defendants' repeated assurances over the years that DHBH is a nonconforming hotel, DHBH owners have vested rights in the continued use of DHBH as a hotel, which cannot be interfered with by Defendants.

36. Under the related doctrine of zoning estoppel, Defendants cannot take actions contrary to Plaintiff's continued use of the Property as a hotel.

37. Plaintiff is entitled to a declaration and/or damages that Defendants have interfered with its vested rights to hotel use at DHBH and/or Defendants are estopped from interfering with its use of the Property as a hotel.

### COUNT III: DENIAL OF DUE PROCESS UNDER THE UNITED STATES AND HAWAII CONSTITUTIONS

38. The foregoing allegations are incorporated by reference herein.

39. Plaintiff's hotel use of DHBH is a valuable and constitutionally protected property interest as a vested right that is protected under the United States Constitution, Hawaii Constitution, State law, and County ordinance.

40. The Fifth and Fourteenth Amendment of the United States Constitution provides that no person shall be deprived of life, liberty, or property without due process of law. *See also* Haw. Const. Art. I, § 5 (stating same).

41. The basic elements of procedural due process of law require notice and an opportunity to be heard at a meaningful time and in a meaningful manner before governmental deprivation of a significant property interest. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Sandy Beach Def. Fund v. City Council of the City & Cty. Of Honolulu*, 70 Haw. 361, 378, 773 P.2d 250, 261 (1989).

42. In this case, Plaintiff has been afforded neither notice nor an opportunity to be heard at a meaningful time and in a meaningful manner before being deprived by Defendants of its significant property interests.

43. Due process also includes a substantive component that guards against arbitrary and capricious government action which has no substantial relation to the public health, safety, morals or general welfare. *Lopez v. State*, 133 Haw. 311, 322, 328 P.3d 320, 331 (2014) (quoting *In re Herrick*, 82 Haw. 329, 349, 992 P.2d 942, 962 (1996)).

44. By the action alleged herein, DPP and the Director have arbitrarily taken or interfered with Plaintiff's vested rights and property interests in violation of procedural and substantive due process.

45. Plaintiff is entitled to a judicial declaration that Defendants have interfered with Plaintiff's procedural and substantive due process rights.

## COUNT IV: INJUNCTIVE RELIEF

46. The foregoing allegations are incorporated by reference herein.

47. Plaintiff, and its successors and assigns, is entitled to an order preliminarily and permanently enjoining Defendants from issuing any notices of violation to owners of units in DHBH with regard to use of the units as transient accommodations.

48. Plaintiff is entitled to a mandatory injunction requiring Defendants to recognize the lawful nonconforming hotel use at DHBH.

## COUNT V: VIOLATION OF CIVIL RIGHTS

49. The foregoing allegations are incorporated by reference herein.

50. Pursuant to 42 U.S.C. § 1983, it is unlawful for the Defendants to violate Plaintiff's civil rights: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

51. By the actions described herein, the Defendants have violated the constitutional and civil rights in violation of the above-mentioned provisions and are liable to Plaintiff, its members, and others similarly situated, for such violation in an amount to be proven at trial, plus attorneys' fees and expert fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants as follows:

A. That judgment be entered in favor of Plaintiff and against Defendants;

B. For appropriate declaratory relief regarding the unlawful and unconstitutional acts and practices of Defendants;

C. For and injunction against Defendants for from issuing any notices of violation to owners of units in DHBH with regard to use of the units as transient accommodations;

D. For a mandatory injunction requiring Defendants to recognize DHBH as a nonconforming hotel;

E. For an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. Section 1988;

F. For appropriate equitable relief against all Defendants including the enjoining and permanent restraining of these violations, and direction to Defendants to take such affirmative action as necessary to ensure that the effects of the unconstitutional and unlawful patterns and practices are eliminated and do not continue to affect Plaintiff; and

G. For such other and further relief as this court may deem appropriate, equitable, and just.

DATED: Honolulu, Hawaii, September 14, 2022.

        DAMON KEY LEONG KUPCHAK HASTERT

        /s/   *Gregory W. Kugle*
        GREGORY W. KUGLE
        JOANNA C. ZEIGLER

        Attorneys for Plaintiff
        ASSOCIATION OF APARTMENT OWNERS
        DIAMOND BEACH HOTEL